IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIS MITCHELL,** </br> **R45848,** </br> </br> **Plaintiff,** </br> </br> vs. </br> </br> **STATEVILLE NRC,** </br> </br> **Defendant.** | ) </br> ) </br> ) </br> ) </br> ) </br> ) Case No. 24-cv-1276-DWD </br> ) </br> ) </br> ) </br> ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Willis Mitchell, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Shawnee Correctional Center (Shawnee), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while at Stateville NRC. The Court found Plaintiff's initial pleading was insufficient to state a claim because he named only the prison, and not individual defendants. (Doc. 4). The Court also found that his Amended Complaint (Doc. 9) and supplement (Doc. 6) were insufficient. (Doc. 17). The Court informed Plaintiff of several defects with his pleadings (Doc. 17) and indicated he could file a second amended complaint. He has now filed a Second Amended Complaint (Doc. 18) and Supplement (Doc. 19).

Plaintiff's Second Amended Complaint (Doc. 18) is before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C.

§ 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## ANALYSIS

In the Second Amended Complaint, Plaintiff again names "Stateville NRC" as a defendant, and he adds Sgt. Gee. (Doc. 18 at 1). As the Court previously explained, Stateville is not a suable person. *See e.g., Thomas v. Illinois*, 697 F.3d 612, 613-14 (7th Cir. 2012) (the state and state agencies are not suable "persons" within the meaning of § 1983). Thus, Defendant Stateville is immediately dismissed with prejudice.

As for Defendant Gee, Plaintiff alleges that Gee took him to the healthcare unit "over and over" when his stomach hurt from drinking the water. (Doc. 18 at 6). He claims that people are not supposed to be drinking the water at Stateville but gives no information about what he told Gee or what Gee might have witnessed or observed about his condition. Generally, an officer who escorts an inmate to the medical unit has offered the extent of assistance that is reasonable without any medical training or reason to doubt the medical care offered. *See e.g., Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008) (if a prisoner is under the care of medical experts, then a non-medical prison official will generally be justified in believing the prisoner is in capable hands). Plaintiff's bare allegation that Gee repeatedly took him to the healthcare unit is not sufficient to state a claim. Thus, Plaintiff's Second Amended Complaint is insufficient to state a claim.

Plaintiff's supplement is also insufficient. As an initial matter, the Court explicitly told Plaintiff in its July 31, 2024, Order (Doc. 17) that any amended complaint must be a single document. (Doc. 17 at 3). Plaintiff failed to follow this Court's Order and again submitted a supplement, which is not an appropriate way to plead claims. The supplement also is not formatted properly. The supplement is not on the Court's complaint template, and it does not have a case caption listing any additional defendants. The Court clearly informed Plaintiff in the July 31 Order that Federal Rule of Civil Procedure 10(a) requires a defendant to be named in the case caption. (Doc. 17 at 2-3).

Setting aside Plaintiff's procedural defects, he alleges in the one-page letter that the "John Does who are personally responsible for these actions is John Doe L.T., John Doe Sgt., John Doe Nurses who worked on September 20, 2023," and did not bring him bottled water when he encountered rusty water in his cell. He claims more John Does did this from September 15, 2023, until he was transferred, but he does not give a date of transfer. He says the John Doe nurses should have records of him seeking medical attention for his stomach pain. He includes a demand for $100,000 for "serious pain" and sickness, and "light headed problems." (Doc. 19 at 1).

The Court previously informed Plaintiff that the ambiguous naming of groups of John Does would not be sufficient way to state a claim because a generic assertion that one or more individuals harmed me is not enough under § 1983. *See e.g., Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). At this juncture, the Court is not persuaded that Plaintiff's allegations, even if more artfully pled, will ever amount to a valid claim of constitutional magnitude. Plaintiff suggests in his complaint that he should have been

able to demand bottled water from prison officials, but the Court finds this to be an unlikely theory. *See e.g., Lunsford v. Bennett*, 17 F.3d 1574, 1581 (7th Cir. 1994) ("The Constitution does not require prison officials to provide the equivalent of hotel accommodations or even comfortable prisons."); *Cooper v. Casey*, 97 F.3d 914, 916-17 (7th Cir. 1996) (a prison's medial staff that refuses to dispense treatment for minor aches or pains, the sorts of ailments for which may people would not seek medical attention, do not immediately by their refusal violate the Constitution absent a showing the medical condition is truly serious).  While it is not implausible that there was an issue with water at Stateville,[1] at this point, Plaintiff has been unable to plainly and simply plead a claim against discrete defendants for taking actions that caused him lasting serious harm.  He also has largely failed to comply with Court orders about the formatting and presentation of his claims.  At this late juncture, after reviewing three complaints, the Court finds it appropriate to dismiss this action in full for failure to state a sufficient claim.  *See Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011); *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994).

## DISPOSITION

Plaintiff's Second Amended Complaint (Doc. 18) is **DISMISSED with prejudice** for failure to state a claim.  This shall count as a "strike" for purposes of 28 U.S.C. §

---

[1] The Court acknowledges that like any Illinois prison, the conditions at Stateville have been the subject of great scrutiny.  Including as of late, orders in the Northern District of Illinois to vacate the general population housing unit due to the risk of structural infirmities. *Dobbey, et al. v. Weilding, et al.*, Case No. 13-cv-1068 (N.D. Ill. Aug. 9, 2024) (Order at docket entry 386).

1915(g).  The Clerk of Court is **DIRECTED** to enter judgment accordingly, and to **CLOSE** this case.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999).  He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal in forma pauperis.  *See* FED. R. APP. P. 24(a)(1)(C).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: November 1, 2024

                                                              DAVID W. DUGAN
                                                              United States District Judge